## ISOM LAMB v. BOYD AND FREEDE.

1. PETITION MUST SET OUT NATURE OF DEFENDANT'S ADVERSE CLAIM.

B. and F. files their petition under sec. 5779, Rev. Stat., against I. L. or his unknown heirs, to quiet title of plaintiffs to a tract of land situate in the county. Caption: B. and F. v. I. L., or his unknown heirs. The petition states that plaintiffs are the owners in fee-simple and in possession of the following described tract of land (describing it), in which defendants claim to have an estate or interest adverse to the plaintiffs. They ask that defendants be compelled to show their title or interest, and that plaintiffs may be quieted in their title. Held: The petition is insufficient, as it should set out the nature of defendant's adverse claim, so that the court can determine its validity.

2. A SERVICE IN THE ALTERNATIVE GIVES NO JURISDICTION.

There was no service of summons, but service by publication was attempted, with caption as above, followed by "I. L. or his unknown heirs will take notice," etc. The affidavit states that the residence of I. L. or his unknown heirs is unknown, and cannot with reasonable diligence be ascertained. Defendants did not appear. Decree by default quieting the title of the plaintiffs against all the defendants. Held: The defendant I. L. was not legally notified of the pendency of the action, and the court did not obtain jurisdiction of the person of I. L.

ERROR to the Court of Common Pleas of Paulding county.

Boyd and Freede filed their petition in the court of common pleas of this county against Isom Lamb or his unknown heirs, in which they allege that they, as partners, are the owners in fee-simple and in possession of one hundred acres of land situate in this county (describing it), in which the said defendants claim to have an estate or interest adverse to the plaintiffs. They ask that the defendants may be compelled to show their title or interest and that the plaintiffs may be quieted in their title.

Christian Freede, one of the plaintiffs, made affidavit to obtain service by publication, in which he states that the said Isom Lamb or his unknown heirs are non-residents of the state of Ohio, whose whereabouts is unknown and cannot, with reasonable diligence, be ascertained.

The court made an order authorizing service to be made upon the unknown heirs by publication.

A notice was published with the caption of the case as stated in the petition, requiring Isom Lamb or his unknown heirs to take notice that Boyd and Freede have filed their petition against the said defendants praying, etc., as stated in the petition.

None of the defendants answered or appeared, the court rendered a decree by default quieting the title of the plaintiff against all the defendants.

Isom Lamb has filed his petition in this court to reverse the decree of the court of common pleas.

BEER, J.

The petition is insufficient to sustain the decree. If an action can be maintained under sec. 5179, where service is obtained by publication, the pleader must set out exactly the nature of the defendant's claim or title, and the relief sought against him, so that the court can determine, judicially, whether such claim or title is valid or not.

But suppose it be not necessary in such case to set out the nature of the defendant's claim or title, the petition is, nevertheless, insufficient. Under sec. 5060, Rev. Stat., the plaintiff must state the facts constituting his cause of action in ordinary and concise language. Every judicial action involves: (1), a primary right possessed by the plaintiff, and a corresponding duty devolving upon the defendant; (2), a delict or wrong done by the defendant, which consisted in a breach of such primary right and duty; (3), a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict, and, finally, the remedy or relief itself. Pomeroy's Remedies, secs. 453, 454, 519, 520, 521, 523. A petition must state the facts which are the occasion of the primary right and duty, and the facts which constitute the defendants' wrongful act or omission. Pom. Rem., sec. 524. The ownership and possession of the land are the facts which entitle the plaintiffs to hold their title and possession in peace, and make it the duty of the defendants not to cast a cloud upon their title, or to interfere with their possession. Asserting a claim or title adverse to the plaintiffs, is the delict, or wrong, on the part of the defendants. What delict or omission is alleged against Isom Lamb? That he, or his unknown heirs, assert some claim or title adverse to the plaintiffs. It is not that he and his unknown heirs, but either he or his unknown heirs assert, etc. Or is an alternative conjunction which offers a choice between two persons or things. Greene's Grammar, 106; Harvey's Grammar, 129; Kirkham's Grammar, 123. Or allows one or the other, but not both. Webster's Dictionary. In this case, of whose delict do the plaintiffs complain? No one can tell. A good petition must contain a cause of action in favor of the plaintiff and against the defendant. Where such cause of action is not shown, the objection is not waived by the failure of the defendant to demur. 26 O. S., 522.

The attempt to obtain service by publication was a failure. It notified Isom Lamb, or his unknown heirs, whether the one or the others, no one can tell.

Pleadings and process thereunder should be certain. In this case, no one was sued, no one was served with process; the court acted without jurisdiction; Isom Lamb did not have his day in court.

Decree reversed, and petition dismissed.

C. A. Seiders, for plaintiff in error.

J. B. Brodnix, for defendant in error.